LUCE & Co. LTD., Plaintiff and Appellant, *v.* ROSARIO CINTRÓN DE CAPÓ, Defendant and Appellee.

No. 4260. Argued March 12, 1928.—Decided July 12, 1928.

*José Tous Soto* and *F. Zapater* for the appellant. *José A.* and *Alberto Poventud, F. Parra Capó* and *E. Capó Cintrón* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Luce & Co. Ltd. filed a complaint in the District Court of Guayama against Rosario Cintrón de Capó setting up three causes of action.

The prayer of the first was for annulment of a record obtained by the defendant in the registry of property in favor of her deceased husband of a certain property containing forty-two acres and the rectification of the record of another property known by the name of Caimital as containing three hundred acres.

It was prayed in the second that the plaintiff be declared the owner of a certain property containing eighty acres and

made up of two parcels, to be identified in the plans drawn up by surveyors Runge (second parcel of 39.5 acres and third parcel of 43), Clausells (parcels of 42 and 40 acres) and Caballero (parcels of 37.48 and 40.10 acres).

The prayer of the third was that the court order the retention by the plaintiff of the possession and use of the property of eighty acres and that it enjoin the defendant, in person or through any other person, from dispossessing or disturbing or from seeking to dispossess or disturb the plaintiff in said possession under pretext of executing the judgment in case No. 3691 brought in the District Court of Guayama by Rosario Cintrón de Capó against A. Hartman & Co. for performance of contract, or in any other manner, imposing the costs, disbursements and attorney's fees upon the defendant.

The following prayer is also contained in the complaint:

"Likewise we pray the Court that during the pendency of the action a temporary injunction be issued against the defendant on such security as the court may determine, restraining her during the pendency of the present action from dispossessing or disturbing or seeking to dispossess or disturb the plaintiff in the possession of the property of 80 acres described and identified in the complaint, on the pretext of executing the judgment in case No. 3691 brought in the District Court of Guayama by Rosario Cintrón de Capó against A. Hartman & Co. for performance of contract, or in any other manner."

The court forthwith issued an order setting a day for the defendant to appear and show cause why the injunction *pendente lite* should not be issued, placing her under a restraining order in the meantime on security of two thousand five hundred dollars.

The defendant appeared and answered the complaint, attacking it on the ground that in none of the three causes of action were there alleged sufficient facts to constitute a cause of action, jointly or separately, denying some of the facts and admitting others in connection with the three causes of action, and pleading fully in defense of her rights.

As new matter she alleged that by a public deed executed in 1923 the defendant sold to M. J. Oben, he acting as trustee and in behalf of the plaintiff, 248 acres of land segregated from the Caimital plantation of 288 acres, in which deed it is stated and acknowledged by the parties that the plantation consisted of 300 acres, less ten or twelve which had been segregated to form the Margarita property; that the defendant was in possession only of 246 acres which were sold to Oben and described as bounded on the north by the 38 acres under discussion and which Oben engaged to buy from the defendant for Luce & Co. by means of an option where express mention is made of the pending action of the defendant against A. Hartman & Co.; that it had also been acknowledged in the deed by the parties that the property sold was bounded on the north by lands of Juan Ignacio Capó, predecessor in interest of the defendant, which boundary was no other than the boundary of the 42-acre property repeatedly mentioned in the complaint, all of which constitutes an estoppel by deed which bars the action of the plaintiff; that in 1918 the defendant brought an action in the District Court of Guayama against A. Hartman & Co., predecessor in interest of the plaintiff, wherein after describing her properties of 288 (Caimital), 42 and 10 acres, as well as three properties of A. Hartman & Co. of 246 (Olimpo), 80 and 25 acres, she prayed for a judgment in her favor holding that she was the owner of the said three properties and also of part of the surplus of 18.70 acres which the surveyor, appointed by the parties and who compromised their conflicting claims with the acknowledgment of the titles of the defendant, reported as being left over after apportioning to each property their respective contents; that the said complaint was registered in the registry of property of Guayama in 1916; that A. Hartman & Co. answered and filed a counter-complaint alleging that the 42 and 38 acres referred to in the complaint could not be located because they coincided with their 80 acres, denying any ownership title in the defendant of the 42

and 38 acres, because those parcels made up the same 80 acres which had been acquired from José Mariano Capó, and praying by virtue of the alleged duplicity of titles for a judgment in its favor and against the defendant dismissing her complaint and declaring null and void the compromise and survey agreement as well as the records in the registry, and that the said properties belonged to it; that the court rendered a judgment on the evidence in 1921 in favor of the plaintiff; that said judgment was affirmed on appeal by the Supreme Court of Porto Rico and that an appeal having been taken to the First Circuit Court of Appeals, the judgment was affirmed by that court with the circumstance of the overruling of a motion to reconsider which reaffirms the judgment of the Circuit Court in the sense that the suit had settled the existing conflict of titles, and that, as admitted in the complaint, Luce & Co. Ltd. acquired from A. Hartman & Co. subsequent to the record of the complaint of the defendant against A. Hartman & Co., therefore there is privity between them and the former is successor in interest of the latter.

The answer concludes by praying for a dismissal of the complaint in all of its parts, for a denial of the writ of injunction and for imposition of the costs, disbursements and attorney's fees upon the plaintiff.

At this stage both parties appeared for the sole purpose of the preliminary injunction and submitted their evidence. The district court took the matter under advisement and on the grounds set forth in a lengthy opinion refused to grant the injunction *pendente lite* and discharged the restraining order.

Luce & Co. Ltd. appealed to this Supreme Court and in a printed brief of 93 pages assign thirteen errors. The other party filed also a printed brief of 84 pages. This is a case which has been argued during many years by lawyers of great repute.

We shall not follow them in a detailed discussion of the

errors. To do that we would have to prejudge the decision of the case on its merits.

We have read the complaint and the answer carefully; we have examined the evidence which is mainly made up of the record of the former case which has been decided by three courts, and we have analyzed the facts in the light of the opinions delivered and the judgments rendered and by virtue thereof we find that the district court used properly its discretion in denying the injunction *pendente lite*.

In 1906 this Supreme Court, through Associate Justice Figueras, in *Pereira* v. *Villafañe,* 10 P.R.R. 11, expressed itself as follows:

"Writs of injunction should be granted with great caution and only in cases where the reason and necessity therefor are clear. To grant an injunction hastily and without due consideration endangers the economic interests of the country, as well as the rights of parties and the well-established precedents of the courts."

Apparently the case now stated by Luce & Co. Ltd. was heard and decided in the action brought by the widow of Capó against A. Hartman & Co., and as Luce & Co. Ltd. acquired with knowledge of that litigation, as appears from their own pleadings, they are bound by the judgment rendered therein.

The judgments of the courts are rendered for the purpose of being complied with. It is true that in this new case there is an allegation of fraud; but that is not sufficient to deter the course of adjudicated justice. The evidence introduced and the skillful argument of counsel for the appellant would be enough to raise doubts in the mind of the judge, but not in such a degree as to decide him to set aside even transitorily the *res judicata*.

We do not see that an injunction becomes so indispensable in order to avoid multiplicity of proceedings that it constitutes such powerful argument for its issuance as to require a reversal of the order appealed from. If the plaintiff firm is in the right the law grants it remedies to make any judg-

482

ment effective without fear of multiple suits springing up in the future.

The order appealed from must be affirmed.